UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTORIA NEZAJ,

                              Plaintiff,

        -v-

PS450 BAR AND RESTAURANT ET AL.,

                             Defendants.

22 Civ. 8494 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      On October 5, 2022, plaintiff Victoria Nezaj ("Nezaj") filed the Complaint in this case. Dkt. 1. On January 3, 2023, Nezaj moved for an extension of time to serve defendant Terry Brooks ("Brooks"). Dkt. 30. Nezaj represented that she had hired a service to run two skip traces to obtain Brooks's last known address and had attempted, but was unable, to serve Brooks at four different addresses that resulted from the skip traces. *Id.* at 1. Nezaj stated that in her fourth attempt, directed at an address in South Carolina, the process server spoke to Brooks's sister-in-law. *Id.* at 2. His sister-in-law, Nezaj represents, told the process server that Brooks did not live at that address, provided the server with Brooks's telephone number, and called Brooks, who said that his sister-in-law could accept service on his behalf. *Id.* Nezaj stated that she continued to attempt to personally serve Brooks and that although her process server made contact with him, Brooks did not provide an address at which to be served. *Id.* On January 5, 2023, the Court granted a 30-day extension for Nezaj to serve Brooks, directing her to file proof of service by February 5, 2023. Dkt. 31.

      Nezaj now moves for leave to effect alternative service of process, via email, on Brooks. Dkt. 32. She states that plaintiff's counsel contacted Brooks by phone and email, and Brooks

stated that he did not have an address at which to serve him but could receive the Summons and Complaint via email. *Id.* at 1. On January 20, 2023, Nezaj emailed the Summons, Complaint, and a waiver of service to Brooks, but he has not yet returned the waiver of service. *Id.* She asks that the Court authorize service of process by email. *Id.* at 2.

Federal Rule of Civil Procedure 4(e) provides, *inter alia*, that an individual may be served pursuant to the procedures allowed by state law in the state in which the district court is located. Fed. R. Civ. P. 4(e). New York state law provides a number of approved methods of service, and further provides that service may be effectuated "in such manner as the court, upon motion without notice, directs, if service is impracticable" under the other specified methods of service. N.Y. C.P.L.R. § 308(5). "Section 308(5) requires a showing of impracticability, under the facts and circumstances of the case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Zavala v. Top Shelf Elec. Corp.*, No. 20 Civ. 9437 (PAE) (KNF), 2021 WL 3159849, at *1 (S.D.N.Y. June 14, 2021) (citation omitted).

On review, the Court finds that Nezaj has made diligent efforts to identify Brooks's address, personally serve him at the identified addresses, and otherwise ascertain how to effectuate service on him. Nezaj has demonstrated the impracticability of traditional service—to wit, that actual prior attempts, performed with due diligence, have been unsuccessful. Her proposed means of alternative service, via email, also comports with due process. Under the Due Process Clause, alternative service of process must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mattel, Inc. v. Animefun Store*, No. 18 Civ. 8824 (LAP), 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020) (quoting *Mullane v. Cent. Hanover Bank &*

2

*Tr. Co.*, 339 U.S. 306, 314 (1950)). "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Zanghi v. Ritella*, No. 19 Civ. 5830 (NRB), 2020 WL 589409, at *6 (S.D.N.Y. Feb. 5, 2020) (internal quotation marks omitted) (discussing service on foreign defendant). Based on Nezaj's representation that Brooks himself provided the email address to plaintiff's counsel, the Court finds it substantially reasonable to conclude that service via email at that address will reach Brooks.

The Court thus grants Nezaj's motion for alternative service of process. As Nezaj has not indicated whether, since sending the January 20, 2023 email, plaintiff's counsel has attempted to follow up on the email, the Court directs plaintiff's counsel to re-send the Complaint, Summons, and waiver of service via email and call Brooks to notify him of the email. If Brooks does not return a completed waiver of service within five days, the Court authorizes Nezaj to file an affidavit of service on Brooks based on service via email. The Court directs Nezaj to file; by February 17, 2023, either (1) Brooks's completed waiver of service or (2) an affidavit of service on Brooks and proof of that service.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: February 8, 2023
       New York, New York

3