# MELISSA YANG PLLC

136 MADISON AVE., 6TH FL.,
NEW YORK, N.Y. 10016
(646) 516-9529
WWW.MELISSAYANGPLLC.COM

May 14, 2024

**VIA ECF**
The Honorable Gary Stein, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

         Re:    **Mediation in Connection with *Victoria Nezaj v. PS450 Bar and Restaurant, et al.*, 22-CV-8494(PAE) (S.D.N.Y.)**

Dear Magistrate Judge Stein:

    We represent defendant David Miller ("Miller") in the above-referenced action. We write on behalf of Mr. Miller and defendants Terry Brooks ("Brooks") and Matthew Wagman ("Wagman," together with Miller and Brooks, the "Individual Defendants") to advise the Court of certain issues that have arisen with plaintiff Victoria Nezaj ("Plaintiff" or "Nezaj") that would affect the mediation currently scheduled for Tuesday, May 28 at 1:00 p.m.

### I.    Plaintiff Has Not Produced Limited Discovery in Aid of Mediation

    On April 10, the parties appeared for a telephonic conference before Your Honor. At that conference, the Individual Defendants requested limited discovery from Plaintiff in aid of mediation. That discovery, which Plaintiff agreed to provide, is as follows:

- Documents related to Plaintiff's damage calculation;
- Attempts to procure comparable employment;
- Employment (and wage) history since departing PS450;
- Documents concerning complaints made by Plaintiff to Defendants (or non-parties) concerning the allegations and claims in the case;
- Communications with other employees of Defendant that allegedly experienced similar discrimination;
- Documents memorializing discrimination and/or retaliation as alleged in the complaint.

The Individual Defendants requested the production by May 7. Even though Plaintiff agreed to this discovery, she has not given any documents other than limited IRS Wage and Income Transcripts, which were only produced yesterday evening.

Further, Plaintiff was asked back in mid-April to revise her Rule 26(a) initial disclosures to provide the required statement and computation of her claimed damages, which had not been provided. This was also raised during the April 10 telephone conference with Your Honor, at which time Plaintiff's counsel stated that this would be provided. Despite having many weeks to make this revision, Plaintiff has not done so.

Since last week, the Individual Defendants have each reached out to Plaintiff on multiple occasions to request a status update on the production of documents and the revisions to her Rule 26(a) initial disclosures. Plaintiff has not provided a meaningful response and has ignored all requests to commit to a date certain by which the Individual Defendants would receive the discovery, assuming any additional discovery would be provided at all.

Plaintiff's non-responsiveness and delay would prejudice the Individual Defendants. Per Your Honor's Settlement Conference Procedures, the parties are due to provide mediation statements by next Tuesday, May 21. The discovery requested go to Plaintiff's damages (which we believe to be non-existent) and the strength of her claims for gender and sexual orientation discrimination and retaliation. Further, as Mr. Miller and Mr. Brooks made clear during the April 10 telephonic conference, they will have to travel to New York City to attend the mediation conference in person. Both have already booked flights and hotels.

### II.     Plaintiff Has Not Made a Settlement Demand

Section 7 of Your Honor's Settlement Conference Procedures required Plaintiff to provide a settlement demand 14 business days prior to the mediation (i.e., by May 7). Plaintiff has still not made a demand, even though the Individual Defendants reminded her of this obligation.

***

For the reasons set forth herein, we respectfully request that the Court set a deadline of Wednesday, May 15 for Plaintiff to provide: (a) the requested discovery, (b) revised computation of damages, and (c) a settlement demand. In addition, we ask that the Court provide the Individual Defendants with a brief extension from Tuesday, May 21 to Thursday, May 23 to provide their respective mediation statements. In the event Plaintiff does not provide the requested information and materials by May 15, we ask that the Court consider adjourning the mediation and ordering Plaintiff to pay for the travel and lodging costs already incurred by Mr. Miller and Mr. Brooks.

Respectfully submitted,

Melissa Yang

cc: all counsel of record (via ECF)